IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD L. SEALEY, ) | |
| ) | |
| PLAINTIFF ) | No. 08-0176 (CKK) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, ET AL., ) | |
| ) | |
| DEFENDANTS ) | |
| _____) | |

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The Plaintiff has failed to exhaust his administrative remedies as to the U.S. Parole Commission and the Civil Rights Division of the Department of Justice.

THIRD DEFENSE

In response to the allegations of Plaintiff's complaint, the Defendants admit, deny, or otherwise aver as follows:

The first unnumbered paragraph contains plaintiff's characterization of the basis for this action to which no response is required. To the extent that a response is deemed required, deny.

JURISDICTION AND VENUE

1. This paragraph contains plaintiff's characterization of this civil action and his legal conclusions, to which no response is required. To the extent that a response is deemed required, defendants deny the allegations, except to admit that plaintiff's action was filed pursuant to the

Freedom of Information Act (FOIA), 5 U.S.C. § 552.

2. This paragraph contains plaintiff's statement of jurisdiction, to which no response is required. To the extent that a response is deemed required, defendants admit that the Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B).

3. This paragraph contains legal conclusions, to which no response is required. To the extent that a response is deemed required, deny.

4. Admit.

## PARTIES

5. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in this paragraph.

6. This paragraph contains plaintiff's characterization of the defendants, to which no response is required. To the extent a response is deemed required, admit.

7-11. Admit.

## FACTS AND CLAIMS FOR RELIEF

12-17. These paragraphs contain legal conclusions, to which no response is required. To the extent that a response is deemed required, deny.

## BOP ALLEGATIONS

18. Admit.

19. Defendants deny the allegations contained in paragraph 19 of the plaintiff's complaint; except that defendant BOP admits that plaintiff was in federal custody from the age of 18 and spanning the years 1982 - 1994.

20. Admit

21. Deny. Plaintiff did not submit a request for expedited processing under the procedures identified for such requests.

22. Deny that BOP denied plaintiff's request. Admit that the original files pertaining to the plaintiff were thought to be in the custody of the National Archives and Records Center (NARA) and that BOP is unable to locate any records. Deny the balance of the allegations contained in this paragraph. The July 23, 2007 letter speaks for itself.

23. Admit. BOP responded to plaintiff's FOIA request indicating that it had conducted a search and that it had no responsive records.

24. Deny. Admit only that BOP sent a Computer Generated Sentry record to the Plaintiff on July 23, 2007, which lists when he was in Federal custody, the facility assigned and sentence computation data.

25. Admit. Exhibit 3 speaks for itself.

26. Admit. Exhibit 4 speaks for itself.

27. Admit only the first and second sentence. Deny the remaining allegations. The BOP has since sent a letter dated March 20, 2008 to the plaintiff providing further details of the type of information that the file of a former BOP inmate would typically contain.

28. Deny.

29. Admit.

30. Admit.

31. Deny and aver that BOP has done a reasonable search and has found no further records to release to plaintiff.

32. Deny; except to admit that plaintiff has exhausted his administrative remedies.

33. Deny; except to admit that plaintiff is entitled to judicial review of this matter pursuant to 5 U.S.C. § 522(a)(B).

## FBI ALLEGATIONS

34. Admit.

35. Admit.

36. Admit.

37. Admit; except to deny that the FBI did a perfunctory search.

38. Admit.

39. Admit.

40. Admit.

41. Admit that the FBI granted plaintiff expedited processing of his request and has completed the processing of his request.

42. Admit.

43. Admit.

44. Admit.

45. Admit.

46. Deny as the FBI has on April 4, 2008, made a release of a document with redactions; which will be justified at the appropriate time.

47. Deny.

48. Deny.

## SEALEY'S FOIA REQUEST TO THE DOJ AND THE DOJ, USAO AND PAROLE COMMISSION'S INADEQUATE RESPONSES

49. With respect to the allegations contained in this paragraph, defendants admit only that plaintiff submitted a FOIA request to the Freedom of Information Act/Privacy Act Mail Referral Unit, Justice Management Division, U.S. Department of Justice dated June 22, 2007.  The Court is respectfully referred to Exhibit 18 attached to the Complaint as the best evidence of the contents of plaintiff's request.

50-52.  Admit.

53-55.  Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in these paragraphs.

56-57.  Admit.

58.  With respect to the allegations contained in this paragraph defendant EOUSA admits only that by letter dated August 30, 2007, EOUSA acknowledged receipt of plaintiff's request for records maintained in the U.S. Attorney's Office (USAO) for the District of the Virgin Islands (request no, 07-2901).  Any and all remaining allegations contained in this paragraph are denied. The Court is respectfully referred to Exhibit 22 attached to Complaint as the best evidence of the contents of the August 30, 2007, letter.

59.  This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, deny.

60.  Admit.

61.  With respect to the allegations contained in this paragraph defendant EOUSA admits only that by letter dated August 30, 2007, EOUSA acknowledged receipt of plaintiff's request for

records maintained in the U.S. Attorney's Office (USAO) for the Eastern District of Wisconsin (request no. 07-2902). Any and all remaining allegations contained in this paragraph are denied. The Court is respectfully referred to Exhibit 23 attached to Complaint as the best evidence of the contents of this August 30, 2007, letter.

62. With respect to the allegations contained in this paragraph defendants admit only that by letter dated December 26, 2007, EOUSA advised plaintiff that a search for records located in the U.S. Attorney's Office (USAO) for the Eastern District of Wisconsin (request no. 07-2902) revealed no responsive records. Any and all remaining allegations contained in this paragraph are denied. The Court is respectfully referred to Exhibit 24 attached to Complaint as the best evidence of the contents of the December 26, 2007, letter.

63. Admit. The Court is respectfully referred to Exhibit 25 attached to the Complaint as the best evidence of the contents of the January 7, 2008, appeal letter.

64. Admit. The Court is respectfully referred to Exhibit 26 attached to the Complaint as the best evidence of the contents of the January 14, 2008, appeal letter.

65. Defendant admits only that by letter dated January 22, 2008, the Office of Information and Privacy (OIP) affirmed the action of EOUSA in response to plaintiff's request number 07-2902. Any and all remaining allegations contained in this paragraph are denied. The Court is respectfully referred to Exhibit 27 attached to Complaint as the best evidence of the contents of the January 22, 2008, appeal letter.

66. Admit.

67. Admit only that the Parole Commission maintains records regarding parole-eligible prisoners who have applied for parole as well as those who have had hearings and decisions.

68. Deny, plaintiff was released at the expiration of his sentence less credit for good time, i.e., on his mandatory release date, on March 2, 1994.

69. Deny, on July 18, 2007, the Parole Commission responded to plaintiff's request informing him that the Commission has no parole file on Mr. Sealey.

70. Deny.

71. Deny.

72. Deny.

## SEALEY'S FOIA REQUEST REGARDING ST. CROIX PENAL INSTITUTIONS TO THE DOJ AND THE DOJ AND CRD'S INADEQUATE RESPONSES

73-74. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in these paragraphs. Defendants do not contest Exhibit 28 attached to Complaint.

75. Defendants admit that the Department of Justice filed a consent decree on November 21, 1986, in Case No. 1986-CV-0265, United States v. The Virgin Islands: Juan Luis, Governor, U.S. Virgin Islands; Edwin Potter, Director, Bureau of Corrections, Isidore Bell, Warden, Golden Grove Adult Correctional Facility, U.S. District Court for the District of the Virgin Islands, Division of St. Croix; and admits that the Department of Justice issued a press release regarding the Golden Grove Prison on November 8, 2005. Defendant refers to the case pleadings for a complete and accurate statement of the case.

76. Defendants lack sufficient information to form a belief as to the truth or falsity of the Department of Justice's (DOJ) assistance to the Virgin Islands and it is therefore denied. Defendant admits that, as required by the consent decree, DOJ has monitored the Golden Grove

facility's compliance with the 1986 decree as part of the on-going enforcement action noted in the above paragraph and has filed a motion which resulted in the "Order Granting United States' Motion to Find Defendants in Contempt and for Appointment of A Special Master" signed by the court on March 23, 2006.

77. The first sentence of this paragraph contains a conclusion of law, to which no response is required. To the extent that a response is deemed required, deny. Defendants lack knowledge or information sufficient to form a belief as to the allegation contained in the last sentence of this paragraph.

78. With respect to the allegations contained in this paragraph, defendants admit only that plaintiff submitted a second FOIA request to the Freedom of Information Act/Privacy Act (FOI/PA) Mail Referral Unit, Justice Management Division, U.S. Department of Justice dated August 16, 2007; that FOIA request was received by the Civil Rights Division, FOI/PA Branch on October 23, 2007 and was assigned Request No. 2008-0039. Any and all remaining allegations are denied. The Court is respectfully referred to Exhibit 29 attached to the Complaint as the best evidence of the contents of this request.

79. Admit. The Court is respectfully referred to Exhibit 29 attached to the Complaint as the best evidence of the contents of the August 16, 2007, letter.

80-81. Admit; except to deny that DOJ did not respond to the substance of plaintiff's request as stated in paragraph 81.

82-84. Admit; The Court is respectfully referred to Exhibits 30 - 33 attached to the Complaint as the best evidence of the procedural process involving the Civil Division and the Civil Rights Division.

85. Admit.

86. Admit. The Court is respectfully referred to Exhibit 34 attached to the Complaint as the best evidence of the procedural process involving the Civil Rights Division and the plaintiff's FOIA request.

87. Admit only that CRD maintains records of its current cases in litigation which may include copies of correspondence and memoranda, while older and/or more voluminous cases may be stored at the Federal Records Center.

88. Admit; except that plaintiff is not entitled to records or portions of them that are protected from public disclosure by one of nine exemptions or by one of three special law enforcement record exclusions.

89. Deny the first and last sentences of paragraph 89; Admit that plaintiff has not received any written response from the Civil Rights Division (CRD); however on April 16, 2008, defendant sent a response to plaintiff enclosing 149 pages and requesting the amount of $3,550.90 in search, review and duplication fees. Further, plaintiff has not exhausted his administrative remedies since plaintiff failed to file an administrative appeal to the Office of Information and Privacy (OIP) as required by 29 C.F.R. 16.9 ©.

90. Deny.

### SEALEY'S FOIA REQUEST REGARDING ST. CROIX PENAL INSTITUTIONS TO THE USAO AND THE USAO'S INADEQUATE SEARCH

91. Admit.

92. Defendant EOUSA admits the first sentence in this paragraph, and the first phrase of the second sentence. Defendant EOUSA denies the second phrase of the second sentence of this

paragraph. The Court is respectfully referred to Exhibit 35 attached to the Complaint as the best evidence of the content of EOUSA's October 1, 2007, letter.

93. Admit.

94. With respect to the allegations contained in this paragraph, defendant EOUSA admits only that by letter dated November 19, 2007, plaintiff submitted a FOIA request directly to the USAO for the District of the Virgin Islands. The Court is respectfully referred to Exhibit 36 attached to the Complaint as the best evidence of the content of the November 1, 2007, letter.

95. Admit.

96. Defendant EOUSA admits the first sentence in this paragraph. Defendant EOUSA denies the second sentence of this paragraph, and the Court is respectfully referred to Exhibit 35 attached to the Complaint as the best evidence of the content of EOUSA's October 1, 2007, letter.

97. This paragraph contains legal conclusions, to which no response is required. To the extent that a response is deemed required, deny.

98. Admit.

99. This paragraph contains legal conclusions, to which no response is required. To the extent that a response is deemed required, deny.

SEALEY'S STRONG INTEREST IN DISCLOSURE

100-102. These paragraphs contain legal arguments and legal conclusions, to which no response is required. To the extent that a response is deemed required, deny.

## COUNT ONE

103. Defendants restate and incorporates their answers to the allegations of the plaintiff's complaint, paragraphs 1 through 102, as if fully set forth herein in response to Paragraph 103.

104. Deny

105. Deny as to the DOJ, Division of Civil Rights; otherwise admit that plaintiff has exhausted his administrative remedies; deny all remaining allegations.

106. Deny

## COUNT TWO

107. Defendants restate and incorporates their answers to the allegations of the plaintiff's complaint, paragraphs 1 through 102, as if fully set forth herein in response to Paragraph 107.

108. Deny.

109. Deny as to the DOJ, Division of Civil Rights and the U.S. Parole Commission (Commission); otherwise admit that plaintiff has exhausted his administrative remedies; deny all remaining allegations.

110. Deny.

## COUNT THREE

111. Defendants restate and incorporates their answers to the allegations of the plaintiff's complaint, paragraphs 1 through 102, as if fully set forth herein in response to Paragraph 111.

112. Deny.

113. Deny as to the DOJ, Division of Civil Rights and the Commission; otherwise admit that plaintiff has exhausted his administrative remedies; deny all remaining allegations.

114. Deny.

## COUNT FOUR

115. Defendants restate and incorporates their answers to the allegations of the plaintiff's complaint, paragraphs 1 through 102, as if fully set forth herein in response to Paragraph 115.

116. Admit but only to the extent that the records found by performing a reasonable search (or portions of them) are not protected from public disclosure by one of nine exemptions or by one of three special law enforcement record exclusions; deny the remaining allegations.

117. Deny as to the DOJ, Division of Civil Rights and the Commission; otherwise admit that plaintiff has exhausted his administrative remedies; deny all remaining allegations.

118. Deny.

## COUNT FIVE

119. Defendants restate and incorporates their answers to the allegations of the plaintiff's complaint, paragraphs 1 through 102, as if fully set forth herein in response to Paragraph 119.

120. Admit but only to the extent that the records found by performing a reasonable search (or portions of them) are not protected from public disclosure by one of nine exemptions or by one of three special law enforcement record exclusions; deny the remaining allegations.

121. Deny as to the DOJ, Division of Civil Rights and the Commission; otherwise admit that plaintiff has exhausted his administrative remedies; deny all remaining allegations.

    122.   Deny.

The final paragraph of the Complaint represents a Prayer for Relief, to which no response is required.  To the extent that a response is deemed required, defendant EOUSA denies that plaintiff is entitled to the relief requested or to any other relief.  Except to the extent expressly admitted or qualified, defendant EOUSA denies each and every allegation of the Complaint.

WHEREFORE, the defendants pray for an order:

(1) denying plaintiff's request for relief;

(2) dismissing plaintiff's Complaint with prejudice; and

(3) for such other and further relief as the Court deems just and proper.

                         Respectfully submitted,

                         /s/

                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                         United States Attorney

                         /s/

                         RUDOLPH CONTRERAS, D.C. BAR # 434122
                         Assistant United States Attorney

                         /s/

                         HEATHER D. GRAHAM-OLIVER
                         Assistant United States Attorney
                         Judiciary Center Building
                         555 4th St., N.W.
                         Washington, D.C.  20530
                         (202) 305-1334